IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RICHARD DAVID PETERSON #127173 | § | |
| VS. | § | CIVIL ACTION NO. 6:24cv287 |
| NANCEY MCKENNEDY, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, an inmate of the Gregg County Jail proceeding *pro se* and *in forma pauperis* (IFP), filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his rights by several people involved in the ownership and management of a trailer park in Longview, Texas. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Relevant Background and Allegations**

Plaintiff submitted his complaint to jail officials for mailing on August 8, 2024. (Dkt. #1 at 5.) In it, he alleges that Nancy McKennedy, as the property manager for the Eastman Villa Trailer Park, stole his property valued at $30,000. (*Id.* at 3–4.) Specifically, Plaintiff alleges that, in or around January 2021, McKennedy stole his mobile home, shed, and personal items by not allowing his family members to take possession of them after he was incarcerated. (*Id.* at 4.) He alleges that the out-of-state owners of the trailer park, David Able and Mr. Smith, "allowed" McKennedy to do so. (*Id.* at 3.)

Plaintiff seeks $30,000 in damages or the return of his property. (*Id.* at 4.)

**II. Legal Standards and Preliminary Screening**

Plaintiff is an inmate proceeding IFP. His pleading is thus subject to preliminary screening pursuant to 28 U.S.C. § 1915(e)(2), which requires *sua sponte* dismissal of a complaint if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather,

the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

### III. Discussion and Analysis

Aside from several other problems with Plaintiff's pleading, it is clear that his claims are meritless for a very simple reason: the named Defendants are simply not subject to suit under Section 1983. To state a civil rights claim under Section 1983, a plaintiff must allege facts showing that he has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v. McCollan*, 443 U.S. 137 (1979). The requirement to show the defendant violated his rights while acting under color of state law means the defendant must be a state actor. *Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017); *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013). Private individuals are not state actors subject to suit under Section 1983 unless their conduct is "fairly attributable to the state." *Moody*, 868 F.3d at 352; *see also Filarsky v. Delia*, 566 U.S. 377, 383 (2012) ("Section 1983 provide a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law. 42 U.S.C. § 1983.). Plaintiff has not alleged any facts that would suggest that the Defendants' alleged conduct might be considered state action in this case.

And outside of Section 1983, Plaintiff has not asserted any basis for this Court's jurisdiction over his claims. Although he specifically mentions that the two owners of the trailer park live in either California or Virginia, he acknowledges that McKennedy lives in Texas and that the amount in controversy is only $30,000. Accordingly, there is no basis for this Court to exercise diversity jurisdiction over any state tort claims raised in this case. *See* 28 U.S.C. § 1332(a) (providing for diversity jurisdiction over civil actions between citizens of different states with an amount in controversy over $75,000).

**IV. Conclusion**

For the reasons set forth above, Plaintiff's Section 1983 claims against all Defendants fail to state a claim for which relief can be granted and must be dismissed on that basis. Further, to the extent that Plaintiff might assert any state tort claims arising from the facts of this case, the Court either lacks jurisdiction over such claims, *see* 28 U.S.C. § 1332(a), or should decline to exercise its jurisdiction over such claims. A district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction," 28 U.S.C. §1367(c)(3), and doing so is "the preferred practice" when those state law claims have not been the subject of extensive litigation in the federal court. *Putnam v. Williams*, 652 F.2d 497, 502 (5th Cir. 1981); *see also Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 769 (5th Cir. 2015) ("As a general rule, a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.").

Traditionally, district courts permit a *pro se* plaintiff an opportunity to amend his complaint or claim before dismissing the case. However, giving a plaintiff an opportunity to amend is not necessary if he has pleaded his "best case," such that an amended claim would remain frivolous. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). There is no plausible amendment to Plaintiff's complaint that would render the private Defendants to this action state

4

actors subject to suit under Section 1983, and judicial economy dictates against inviting a futile amendment in this case.

## RECOMMENDATION

Accordingly, the undersigned recommends that this lawsuit be dismissed with prejudice for failure to state a claim for which relief can be granted.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Clerk is directed to accept no further filings from Plaintiff in this action pending the District Judge's review of this Report, other than a clearly labeled objection to this Report.

So ORDERED and SIGNED this 14th day of August, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE